IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE A. HENDERSON,

        Plaintiff,

   v.

OHIO ADULT PAROLE AUTHORITY, *et al.*,

        Defendants.

Case No. 2:05-CV-359

JUDGE GREGORY L. FROST

Magistrate Judge Norah McCann King

### REPORT AND RECOMMENDATION

This is a 42 U.S.C. § 1983 action brought by George A. Henderson ("plaintiff") who is an inmate at the Marion Correctional Institution in Marion, Ohio. Plaintiff claims a violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution and the *Ex Post Facto* clause in Article I, § 10 of the United States Constitution based on defendants' failure to release him on parole. This matter is before the Court on *Plaintiff's Motion for Default Judgment*. Doc. No. 21. For the reasons that follow, the Court **RECOMMENDS** that *Plaintiff's Motion for Default Judgment* be **DENIED.**

Plaintiff filed the *Complaint* in this action on April 8, 2005, Doc. No. 2, and filed the *Amended Complaint* on April 20, 2005, Doc. No. 11. On June 7, 2005, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 16.

On July 8, 2005, plaintiff filed *Plaintiff's Motion for Default Judgment*. Doc. No. 21. In that motion, plaintiff requests that the Court enter default judgment in his favor on his equal protection claim pursuant to Fed. R. Civ. P. 55. Apparently, plaintiff reasons that defendants did

not sufficiently address his equal protection claim in their motion to dismiss. Defendants oppose plaintiff's motion, arguing that their motion to dismiss the entire action is sufficient to prevent default judgment against them on any claim. Doc. No. 23. The Court agrees.

Fed. R. Civ. P. 55 in relevant part provides:

(a) Entry. When a party against whom a judgment for affirmative relief is sought <u>has failed to plead or otherwise defend as provided by these rules</u> and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . .

Fed. R. Civ. P. 55 (emphasis added).

Defendants have not "failed to plead or otherwise defend as provided by" the Federal Rules of Civil Procedure. To the contrary, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a proper response to plaintiff's claims. *See* F.R. Civ. P. 12(a)(4).

**WHEREUPON**, in light of the foregoing, the Court **RECOMMENDS** that *Plaintiff's Motion for Default Judgment*, Doc. No. 21, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten

(10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).


  January 17, 2006                            s/Norah McCann King
Date                                             Norah M<sup>c</sup>Cann King
                                                       United States Magistrate Judge